IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KAYSAM KENT SMITH,

        Plaintiff,

   v.

ATTORNEY ERNEST WARREN, JR.,

        Defendant.

Civil No. 10-838-BR

ORDER TO DISMISS

BROWN, Judge.

    Plaintiff, an inmate at the Taft Correctional Institution, in Taft, California, brings this civil action *pro se*. Pursuant to an order entered by the court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted over which this Court has subject matter jurisdiction and for failure to state a claim upon

1 - ORDER TO DISMISS -

which relief may be granted under either federal or state law. See 28 U.S.C. § 1915(e)(2).

## BACKGROUND

Plaintiff alleges Defendant committed legal malpractice in course of representing Plaintiff in his federal criminal case, United States v. Smith, 3:05-cr-00035-BR.  By way of remedy, Plaintiff seeks money damages.

## STANDARDS

Where a prisoner is granted leave to proceed *in forma pauperis*, the court shall dismiss the case at any time if the court determines that:

(B)  the action . . .

   (i)  is frivolous or malicious;

   (ii) fails to state a claim on which relief may be granted; or

   (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989).

2 - ORDER TO DISMISS -

In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

Before dismissing a *pro se* civil complaint for failure to state a claim, this Court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

**I.  Jurisdiction**

Federal courts are courts of limited jurisdiction. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). A district court is empowered to hear only those cases which are within the judicial power conferred by the U.S. Constitution and those which fall within the area of jurisdiction granted by Congress. Richardson v. United States, 943 F.2d 1107, 1112-13 (9th Cir. 1991).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. For federal question jurisdiction pursuant to § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, Section 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 199 (1962). For diversity jurisdiction, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332.

Plaintiff does not allege Defendant violated Plaintiff's rights under federal law. Instead, Plaintiff alleges Defendant was ineffective in representing Plaintiff in his criminal trial. This appears to be a state-law claim for which "there exists no independent basis of federal jurisdiction." Aragon v. Federated Dept. Stores, Inc., 750 F.2d 1447, 1457-58 (9th Cir. 1985). Further, although he seeks $2.5 million in damages, Plaintiff does not allege he and the Defendant are of diverse citizenship.[1]

---

[1] Plaintiff's incarceration in California does not automatically establish his residency in that state. Cohen v. United States, 297 F.2d 760, 774 (9th Cir. 1962) ("[o]ne does not change his residence to prison by virtue of being incarcerated there").

4 - ORDER TO DISMISS -

## II. Oregon's Exoneration Rule

As noted, Plaintiff does not allege any violation of federal law and, thus, it appears Plaintiff's Complaint alleges a state tort claim for legal malpractice. So construed, even if Plaintiff can establish diversity jurisdiction in this Court, his claim is, at best, premature.

Under Oregon law, "it is inappropriate to permit a person who has been convicted of a criminal offense to assert in the courts a claim for legal malpractice in connection with that conviction unless and until the person has challenged successfully the conviction . . . or the person has otherwise been exonerated of the offense." Stevens v. Bispham, 316 Or. 221, 230, 851 P.2d 556 (1993).

Plaintiff does not allege he has successfully challenged his conviction or otherwise been exonerated of the offense. Indeed, the record in Plaintiff's federal criminal case indicates this Court denied a first Motion to Vacate under 28 U.S.C. § 2255 on August 18, 2008, and a second Motion to Vacate under § 2255 on July 7, 2010. On August 9, 2010, this Court denied Plaintiff's Motion to Reconsider the July 7, 2010, denial of § 2255 relief. Unless and until these orders are overruled, Plaintiff cannot establish his state legal malpractice claim is ripe under Oregon's

exoneration rule, and his Complaint thereby fails to state a claim upon which relief may be granted under Oregon state law.

**III. Heck v. Humphrey**

Finally, although he does not allege a federal law violation, to the extent Plaintiff's Complaint could be remotely construed as alleging a civil rights violation under 42 U.S.C. § 1983, his claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, when a judgment in a civil rights action would necessarily imply the invalidity of his criminal conviction, the civil rights cause of action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized tribunal, or called into question by the issuance of a federal habeas corpus writ. Id. at 486-87. Again, since Plaintiff cannot establish that his federal conviction has been determined invalid. Accordingly, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's complaint is DISMISSED for failure to state a claim over which this Court has subject matter jurisdiction and, in any event, because the Complaint fails to state a claim upon which relief may be granted under either state or federal law. Because is

6 - ORDER TO DISMISS -

absolutely clear that the deficiencies of the complaint cannot be cured by amendment at this time, leave to amend is not granted. Nonetheless, the dismissal is WITHOUT PREJUDICE to Plaintiff's right to pursue his claims if and when they become ripe.

IT IS SO ORDERED.

DATED this  28th day of September, 2010.

                                  /s/ Anna J. Brown
                                  ANNA J. BROWN
                                  United States District Judge